No. 17,489.

MILES *v.* THE PEOPLE
(282 P. [2d] 1094)

Decided January 10, 1955.   Rehearing denied May 16, 1955.

VIRGINIA MALLOY, Mr. GORDON C. SMITH, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK A. WACHOB, Deputy, Mr. NORMAN H. COMSTOCK, Assistant, for the People.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFF in error, to whom we will hereinafter refer as Miles, was convicted upon each count of an information in which it was charged that he committed the crime of aggravated robbery and that he entered into a conspiracy with others to commit that offense. After judgment was entered July 9, 1954, and sentence to imprisonment from fifteen years to life was imposed, Miles caused writ of error to be issued in the instant case. The record on error was filed October 24, 1954. It included a bill of exceptions (erroneously labelled a "Reporter's Transcript"), from which it appears that People's Exhibits D and E were identified and admitted in evidence upon the trial. Exhibit D was an instrument signed by Miles, and his codefendant Overby, purporting to be the confession of each of them to participation in eight armed robberies including that upon which the instant case was based. Exhibit E was a purported confession, signed by Miles, in which he admitted participation in the armed robbery of one Ralph S. Whittaker, upon which the charge contained in the first count of the information was based. The bill of exceptions does not contain the text of these Exhibits D and E and they are not part of the record in this Court for the reason that they are missing from the trial court files, and after diligent search cannot be found.

October 13, 1954, after writ of error was issued and after expiration of the term within which judgment was entered, counsel for Miles tendered in the trial court a supplemental motion for new trial upon the ground that it would not be possible to submit the complete record to this Court for review because of the loss of said exhibits. The trial court declined to entertain the tendered motion and assigned as a reason therefor that it had no jurisdiction in the matter after writ of error had been issued.

October 20, 1954, counsel for Miles filed their petition in this Court in which they sought "to reverse the judgment in the above entitled cause and remand the cause

for a new trial, or in the alternative to order and direct what further steps shall be taken to perfect the appeal of plaintiff in error." The loss of the exhibits is alleged as grounds for the relief sought.

The Attorney General, in response to the petition, admitted that Exhibits D and E cannot be found. He alleged, however, that duplicate originals of said exhibits, in the form of carbon copies, all of which were signed by Miles and each page thereof initialled by him, have been located. These signed carbon copies were tendered, and the Attorney General asked that a rule should issue commanding Miles to show cause why they should not be made a part of the record to supplant the missing exhibits actually admitted in evidence upon the trial. We directed that such a rule be issued and counsel for Miles, within the time allowed to show cause, have filed their objections to the proposed use of the carbon copies as a part of this record. There is no denial of the signature of Miles appearing on the tendered confessions. Each page thereof contains his initials and there is no allegation or showing that they are not genuine. The substance of the objections made by counsel for Miles is that, due to "a lapse of more than six months it would be impossible to determine from memory whether the tendered exhibits are or are not duplicates of the real Exhibits D and E admitted in evidence * * *."

The undisputed fact appears from the record before us that Miles signed duplicate copies of Exhibits D and E in the presence of arresting officers, and he so testified upon the trial. An examination of this record in the light of the objections made by counsel for Miles leads inescapably to the conclusion that the tendered carbon copies are exact duplicates of those exhibits identified and admitted as Exhibits D and E upon the trial. We hold that the showing made by Miles in objecting to the use of the signed carbon copies is insufficient to raise any substantial issue upon the question as to

whether the tendered exhibits are identical to the lost instruments. If a substantial issue of fact upon this question had been presented, we might have ordered a hearing before a master to determine that issue; however upon the showing made, such a procedure is not necessary. We are here concerned only with the question of whether, in reviewing this record on error, we will be considering the identical alleged confessions which were presented to the jury. Under all the facts and circumstances of the case we are confident that the inclusion of the tendered exhibits in the record on error will place before this Court the identical material which was before the jury in the form of the missing Exhibits D and E.

██ We cannot agree that a new trial necessarily must follow in every case and under all circumstances in which exhibits are proved to be missing when causes are presented to this Court by writ of error; accordingly, it is ordered that the tendered copies of Exhibits D and E be incorporated in the record of this cause, and that thirty days from and after the date of this order be allowed plaintiff in error within which counsel may file their opening brief herein.

The rule to show cause is made absolute.

MR. CHIEF JUSTICE STONE did not participate in the present proceeding.